UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

KENNETH B. TREIGER,

    Debtor.

Case No. C06-710RSL

Bankr. Case No. 02-11124
Internal Appeal No. 06-S011

ORDER DENYING MOTION FOR
A STAY PENDING APPEAL

## I. INTRODUCTION

This matter comes before the Court on the "Emergency Motion for Stay Pending Appeal" filed by petitioner J'Amy Owens ("Owens") (Dkt. #4). Owens seeks a stay of a state court order, rendered during her dissolution proceedings, that would allow her house to be placed on the market for sale on June 1, 2006. A response was filed on May 30, 2006.

## II. DISCUSSION

Owens and her former husband, debtor Kenneth Treiger ("Treiger"), initiated dissolution proceedings in 2001. Shortly thereafter, both of them filed for bankruptcy. The state court stayed the dissolution proceedings pending the administration of the bankruptcies. During the

ORDER DENYING
MOTION FOR A STAY - 1

course of Treiger's bankruptcy proceedings, the court determined that the house the couple owned on Maplewood Place in Seattle (the "Maplewood house") was community property. The bankruptcy trustee entered into a settlement agreement with Owens to resolve all of the estate's claims against Owens, including all of the trustee's claims to the Maplewood house. The trustee transferred his interest in the property to Owens and executed a quitclaim deed on the house to her in exchange for $215,000. Judge Glover of United States Bankruptcy Court for the Western District of Washington approved and confirmed the settlement agreement. After all of the assets of Treiger's estate were administered, his Chapter 7 case was closed.

The state court subsequently reopened the dissolution proceedings. During the dissolution proceedings, Owens argued that the state court lacked subject matter jurisdiction over the Maplewood house because she had purchased it during the bankruptcy proceedings. The state court disagreed and ordered the home sold and the proceeds split between the parties. The state court noted that even if the Maplewood house was Owens' separate property by virtue of the settlement agreement, "this would be irrelevant to the task before the court . . . as the bankruptcy Trustee had no authority to make distributions in dissolution of marriage . . . and . . . did not purport to . . . . Consequently, the wife's separate property is available for distribution and properly before this court." Response at Ex. B.

On May 12, 2006, Judge Glover denied Owens' motion to reopen Treiger's bankruptcy proceedings. Judge Glover's oral ruling on the motion stated,

> [T]he bankruptcy court operated within a particular realm as represented by the documents which are on file herein. And to the extent that there are state court issues involving distribution of property on the dissolution of marriage, those are always to be left to the state court.
>
> I am mindful of the authority of the state court under applicable domestic relations law to distribute property which is the separate property of one of the spouses to the other in the dissolution of marriage. And maybe that's what's going on. It doesn't make any difference what's going on. I'm just pointing out the epitome of the authority of the state court.
>
> We were settling certain rights between one estate and another in bankruptcy and the payment of claims. And we've dealt with those issues, and those agreements have to be respected by the state court. And I can't see from this record that they have not been

ORDER DENYING
MOTION FOR A STAY - 2

respected. So I'll deny the motion."
Motion at Ex. C.

Owens now requests that this Court issue a stay pending her appeal of Judge Glover's order denying her motion to reopen the bankruptcy proceedings.[1] This Court has very limited jurisdiction to stay a state court's order; among other circumstances, it may do so when necessary to effectuate its judgments. 11 U.S.C. § 2283. Owens argues that this Court must order the stay and direct Judge Glover to reopen the bankruptcy proceedings to protect his order approving the settlement agreement. The standard for granting a stay pending appeal is effectively the same as that for issuing a preliminary injunction. See, e.g., Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). The Court weighs the parties' likelihood of success on the merits, the possibility of irreparable harm, the relative hardship of the parties, and the public interest. See Nautilus Group, Inc. v. Icon Health & Fitness, Inc., 308 F. Supp. 2d 1208, 1216 (W.D. Wash. 2003). Owens has shown the possibility of irreparable harm because she currently lives in the Maplewood home, and homes are not fungible assets.

Owens argues that she is likely to succeed on her motion for a writ of mandamus because in In Re McGhan, 288 F.3d 1172, 1180 (9th Cir. 2002), the court found that the bankruptcy court erred in denying the petitioner's motion to reopen the case. The petitioner's claim had been discharged in the bankruptcy proceedings; the state court ruled that his claim could proceed in a civil action because he had not received adequate notice in the bankruptcy proceeding. The court concluded that "the state court lacked authority to adjudicate the adequacy of the notice received by" the petitioner. Id.

In this case, unlike McGhan, the state court did not modify or rule on an order of the bankruptcy court. Furthermore, as both the state court and Judge Glover found, the two orders

---

[1] Owens has also filed a motion for a writ of mandamus to compel the bankruptcy court to reopen Treiger's bankruptcy proceedings and to enforce the settlement agreement. That motion is noted for consideration on June 9, 2006.

ORDER DENYING
MOTION FOR A STAY - 3

are not inconsistent. The bankruptcy trustee administered Treiger's estate, including the community property, and liquidated the estate's interest in the Maplewood house. The settlement agreement protected the Maplewood house from claims by the trustee and Treiger's creditors. The settlement agreement did not resolve any claims the parties had against each other for an equitable distribution of the marital property. That issue is within the sound jurisdiction of the state court adjudicating the dissolution. Owens' suggestion that the state court lacked the authority to distribute the Maplewood house simply because Owens obtained full ownership of it through the bankruptcy proceedings is unsupported and incorrect. Accordingly, Owens has not shown that a stay is warranted or that she is likely to prevail on her claim that the bankruptcy court was required to reopen the proceedings to protect its order.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES the motion for a stay pending the appeal. (Dkt. #4).

DATED this 31st day of May, 2006.


*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge